# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-11100
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE ALBERTO MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:07-CR-3-1

Before GARWOOD, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jorge Alberto Martinez was convicted of one count of conspiracy to distribute 50 kilograms or more of marijuana and to possess this same type and quantity of drugs with intent to distribute. In October 2007, the district court sentenced him to serve 188 months in prison. Martinez appeals his sentence. Martinez argues that his sentence is unreasonable because his prior convictions occurred 15 years ago, because he debriefed, and because his codefendant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanchez got a significantly shorter sentence. He also argues that the district court erred by not giving sufficient reasons to support the sentence.[1]

Appellant was a career offender under section 4B1.1 of the guidelines by reason of two prior adult federal felony controlled substance offense convictions.[2] The guidelines address the age of such convictions by providing that the prior sentence (exceeding one year and one month imprisonment) must either have been imposed within fifteen years from the commencement of the instant offense or that the defendant remained incarcerated thereunder within that fifteen year period. Section 4A1.2(e)(1); section 4B1.2(c) (other prior sentences must have been imposed within ten years of the commencement of the instant offense, section 4A1.2(e)(2)).

The count to which appellant pled guilty charged him with conspiracy with Sanchez and others known and unknown. The PSR reflects that in July 2007 Sanchez had been convicted (whether by guilty plea or otherwise is not reflected) of misprision of felony (18 U.S.C. § 4) (presumably in relation to the instant offense, though it is not expressly so stated) and sentenced to 36 months' imprisonment (the statutory maximum) and 12 months' supervised released. Appellant's counsel's unsworn and unsupported objections to the PSR and memorandum in support, and counsel's unsworn assertion at sentencing (appellant declined to allocute at sentencing), state that Sanchez "had a prior

---

[1]No objection whatever on this basis was made below but we assume, arguendo only, that review is under FED. R. CRIM. P. 52(a), rather than 52(b).

[2]One of these was for possession with intent to distribute more than 50, but less than 100, kilograms of marijuana in the Western District of Louisiana in February 1990, for which the defendant was convicted and sentenced in May 1991, to 57 months' imprisonment (followed by supervised release); he remained in prison under this sentence until January 1995 (the sentence on this offense was made concurrent with the below referenced January 1991 sentence). The other prior federal controlled substance felony offense conviction was for conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in June 1990 in the Southern District of Texas, for which he was convicted and sentenced in January 1991 to 63 months' imprisonment (followed by supervised release); he remained in prison under this sentence until January 1995. These offenses were committed when defendant was aged 23 and 24 respectively.

conviction," but there is no indication what offense (or type of offense) that conviction was or when it occurred, and there is nothing to indicate that Sanchez had more than one prior conviction.[3] The PSR indicates that the underlying transaction referenced in the instant indictment was a December 2006 sale by appellant to a confidential informant (whom appellant knew when they had been in prison together) of some 65 kilograms (144 pounds) of marijuana at $325 a pound. The sale was arranged in numerous telephone conversations between appellant and the informant. The marijuana, which appellant apparently had in his possession in Laredo, Texas, was to be shipped by commercial carrier to Abilene, Texas, where the confidential informant was; Sanchez was hired by appellant for $4,000 to collect the purchase money from the informant when he took the latter to the shipping company when the marijuana arrived there. Appellant told the informant Sanchez would take him to the marijuana and he was to give the money to Sanchez; Sanchez told the informant he had personally packed the marijuana and weighed it.

No evidence was introduced at sentencing.[4]

At sentencing, appellant's counsel stated "we're not asking for him to get anything close to what Mr. Sanchez did get, but we're asking . . . I think it's 72 months . . . anywhere between 72 and 82 . . .". The court responded, stating:

> "All right, sir. If you're asking for a downward variance or a downward departure, that request is denied.
>
> The Court will adopt as the Court's findings those matters set forth in the presentence report, not only as it relates to the background

---

[3]Appellant's new counsel on appeal states in his brief, without citation to the record, that "both defendants," referring to appellant and Sanchez, "had prior drug related convictions," but nothing in the record suggests that Sanchez had more than one prior conviction or that it was drug related. The mentioned appellate brief also states that "[b]oth defendants," appellant and Sanchez, "pled guilty to count one of the indictment . . .". There is nothing in the record to support the assertion that Sanchez pled guilty to any count of the instant indictment.

[4]There is no showing as to the relative helpfulness or forthcoming nature of any "debriefing" by Sanchez or appellant.

data and information, but also the analysis made under the sentencing guidelines."[5]

The court then sentenced appellant to 188 months' imprisonment, stating "I believe this sentence does adequately address the sentencing objectives of punishment and deterrence." The court also granted appellant's request that it recommend FCI Three Rivers as the place of confinement. In its written statement of reasons the court states: "This sentence will accomplish sentencing objectives of punishment and deterrence pursuant to 18 U.S.C . §§ 3553 and 3661."

The instant record does not suffice to support a finding that appellant's 188 month sentence constitutes, in light of Sanchez's 36 month sentence, an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct" within the meaning of 18 U.S.C. § 3553(a)(6); nor does the record reflect any abuse of discretion on the part of the district court, or any reason particularly applicable to this appellant or this offense why a sentence consistent with the career offender provisions of the advisory guidelines would be unreasonable or otherwise improper.

Our review of the record shows no error in connection with Martinez's sentence. The district court committed no procedural error at sentencing, and the sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 594 (2007). The judgment of the district court is

AFFIRMED.

---

[5]The PSR reflects that the advisory guideline range was 151 to 188 months. This calculation has not been challenged here or below and is plainly correct.